## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | | |
|---|---|---|
| JASON PEPPERS | * | CIVIL ACTION NO. 04-2356 |
| VERSUS | * | JUDGE JAMES |
| ARIES MARINE CORP, ET AL | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Motion for Summary Judgment filed by Defendant Aries Marine Corp. ("Aries") (Doc. #25),

pursuant to F.R.C.P. Rule 56. For reasons stated below, it is recommended that Aries' Motion

for Summary Judgment (Doc. #25) be **DENIED.**

Plaintiff, Jason Peppers, ("Peppers") filed this admiralty claim for personal injuries he

sustained on June 26, 2004. On the date of his injury, Peppers was employed by Nabors Drilling

("Nabors") as a roustabout. Peppers was assigned to an offshore fixed platform owned by

Devon, which was located in the Gulf of Mexico. On the day of the accident, equipment was

being removed from the Devon platform and loaded onto a supply vessel, the Calvin Bayne,

which was owned and operated by Defendant Aries. Peppers was injured when an annular

blowout preventer ("BOP"), manufactured by Defendant Hydril Company, LP ("Hydril") turned

over, pinning Pepper's leg between the BOP and other equipment on the deck of the Calvin

Bayne. Peppers suffered a lower leg fracture and tissue and nerve damage to his left leg. After

several surgeries, Pepper's leg was amputated. Peppers has filed suit against Aries for negligence

and against Hydril for products liability. Aries has moved for Summary Judgment.[1] Plaintiff

---

[1]Defendant Hydril has also filed a Motion for Summary Judgment (Doc. #28). The
Report and Recommendation on Hydril's Motion for Summary Judgment will be issued
separately.

opposes the motion.

**LAW AND ANALYSIS**

Summary Judgment Standard

Summary judgment is appropriate when the evidence before the Court shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" under this standard if the non-moving party has presented sufficient evidence such that a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden in summary judgment and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions and/or affidavits that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Negligence Claim against Aries

Pepper's claim against Aries is based on § 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq., by virtue of the Outer Continental Shelf

Lands Act, 43 U.S.C. § 1333.  As such, § 905(b) of the LHWCA provides Plaintiff with the exclusive remedy against Aries for injuries onboard its vessel during cargo loading operations. Under the statutory restrictions found in § 905(b), the injured LHWCA worker may only recover against the vessel for actual vessel negligence which was the proximate cause of the injury.

In *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 101 S. Ct. 1614 (1981), the United States Supreme Court articulated the principles governing the duties of a vessel owner in the context of a stevedore's employees.  The Supreme Court set forth three duties of the vessel owner: (1) the owner must have the vessel and its equipment in such condition that the stevedore may carry on its cargo operations with reasonable safety; (2) once the stevedore begins its operations, the vessel owner may be liable if it actively involves itself in cargo operation and negligently injures a longshoreman or if it fails to exercise due care in maintaining equipment and areas of the vessel over which it has "active control" during the stevedoring operation; and (3) the vessel owner must protect the stevedore's employees during the stevedore's operations if the owner has actual knowledge that the vessel or its gear poses a danger to the stevedore's employees and that the stevedore is not acting to correct it. *Id.*  The second duty is the only duty at issue in this case, and as Aries was not involved in the cargo operation, the only issue is whether Aries failed to exercise due care in maintaining the areas of the vessel over which it had active control; specifically, whether Aries was negligent in maintaining the proper position of the Calvin Bayne while the Nabors' crew was offloading equipment from the platform.

There are disputed issues of fact as to what caused the BOP to tip over and injure Pepper. If the Calvin Bayne shifted up or down due to the natural motion of the water and caused the slack in the lines to tighten and tip the BOP, Aries is not liable.  However, if the plaintiff can prove that the vessel shifted away from the platform due to Aries' negligence, it could be found liable for failing to maintain the position of the Calvin Bayne, over which it had active control

during the cargo operation. After reviewing the facts and testimony provided, the cause of the accident is not clear, and it is possible that the trier of fact could find that the accident was caused by the failure of Aries to maintain the vessel's position. Therefore, **it is recommended that Aries' Motion for Summary Judgment be DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of January, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE