
RECEIVED
IN MONROE, LA
APR 03 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| JASON PEPPERS | CIVIL ACTION NO. 04-2356 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ARIES MARINE CORP., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court are a Motion for Summary Judgment [Doc. No. 28] filed by Defendant Hydril Company L.P. ("Hydril"), and Plaintiff Jason Peppers' ("Peppers") appeal [Doc. No. 73] from the ruling of the Magistrate Judge on Hydril's Motion in Limine [Doc. No. 48]. For the following reasons, Hydril's Motion for Summary Judgment is GRANTED, and Peppers' appeal is DENIED.

### I. Procedural History

On January 4, 2006, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 55] recommending that Hydril's Motion for Summary Judgment be granted.

On January 12, 2006, Peppers filed an "Objection to Magistrate's Report and Recommendation" ("Objection") [Doc. No. 61]. On January 18 and 26, 2006, Hydril filed responses to Peppers' Objection [Doc. No. 75].

On January 30, 2006, Magistrate Judge Hayes also issued a ruling [Doc. No. 71] granting in part a Motion in Limine filed by Hydril.

On February 13, 2006, Peppers filed his appeal from the ruling on the Motion in Limine.

Because these two motions are interrelated, the Court will address them simultaneously.

## II. Standards of Review

The Court will apply two different standards of review to Judge Hayes' conclusions. With regard to the Motion for Summary Judgment, because this is a case dispositive matter, the Court reviews the magistrate judge's findings, conclusions, and recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir. 1985).

However, with regard to the Motion in Limine, a non-case dispositive matter, the Court reviews Magistrate Judge Hayes' findings and conclusions under the clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## III. Analysis

Having undertaken a *de novo* review of the entire record, including Peppers' Objection, the Court ADOPTS the Report and Recommendation of the Magistrate Judge and GRANTS Hydril's Motion for Summary Judgment.

The Court issues this Ruling only to address certain evidence not presented to Magistrate Judge Hayes. In support of his Objection, Peppers submitted two reports prepared by his expert, Gregg Perkin ("Perkin"), as well as Perkin's deposition. While the Court may consider such evidence, the Fifth Circuit has suggested factors to review in making this determination:

(1) the moving party's reason for not originally submitting the evidence;

(2) the importance of the omitted evidence to the moving party's case;

(3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and

(4) likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

2

*Performance Autoplex II Ltd. v. Mid-Continent Casualty Co*, 322 F.3d 847, 862 (5th Cir. 2003). Peppers has provided no explanation for his failure to provide this evidence prior to Magistrate Judge Hayes' Report and Recommendation. At least the September 22, 2005 report was available to Peppers prior to his response to Hydril's Motion for Summary Judgment. The second report, dated December 2, 2005, was prepared after Peppers' response was filed on November 8, 2005, but Peppers could have moved to supplement his opposition at any time prior to the issuance of the January 4, 2006 Report and Recommendation. Peppers offers this evidence to support his claim that the BOP was unreasonably dangerous and that Hydril could and should have provided warnings and instructions with the BOP. This evidence is clearly important to his case. Hydril deposed Perkin on December 15, 2005, so there is little danger of prejudice to it. Under these circumstances, the Court will consider this evidence.

However, Hydril filed a Motion in Limine seeking an order to prevent Perkin from testifying at trial and to exclude from evidence his deposition, graphics, and reports.[1] The Court has reviewed the Motion in Limine submitted by Hydril and ruled upon by Magistrate Judge Hayes. The Court agrees with Magistrate Judge Hayes' analysis and finds that Perkin's testimony, graphics, and expert reports are not admissible under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).[2]

---

[1] Hydril also moved to exclude (1) API recommended practice 16-A and testimony regarding this practice and (2) a letter to Mr. Hemphill from Mr. Taylor and Hydril's Operator's Manual for the GX 13 5/8 /10000 PSI, manufactured by Hydril for Cooper Cameron Company and testimony regarding these items. Given the Court's ruling on the Motion for Summary Judgment, it need not address these items. The Court notes, however, that Magistrate Judge Hayes' ruling as to these items is neither contrary to law nor clearly erroneous.

[2] In reaching this determination, the Court does not imply that Perkin is unqualified as an expert in his field, but concludes, like Magistrate Judge Hayes, that his opinion in this case is

After Magistrate Judge Hayes' ruling on the Motion in Limine, Perkin withdrew his opinion that the BOP was top heavy and, thus, unreasonably dangerous and defective because that opinion was based on inaccurate information. Originally, Perkin understood that the BOP was loaded right side up, so that it was placed on the smallest flange. However, he later learned that the BOP was loaded upside down, so it was placed on a larger flange. Based upon this information, Perkin no longer opines that the BOP was top heavy. Peppers has not provided any supplemental report from Perkin. Thus, even if Perkin's testimony and reports were otherwise admissible, Peppers has no expert evidence that the BOP was defective or unreasonably dangerous.

Accordingly, for the reasons stated by Magistrate Judge Hayes and the additional reasons set forth in this Ruling, the Court finds that Magistrate Judge Hayes' ruling on the Motion in Limine was neither clearly erroneous nor contrary to law, and her recommendation on the Motion for Summary Judgment is correct under the applicable law.

## IV. Conclusion

Hydril's Motion for Summary Judgment [Doc. No. 28] is GRANTED, Peppers' Appeal [Doc. No. 73] is DENIED, and the Magistrate Judge's Ruling [Doc. No. 71] on Hydril's Motion in Limine [Doc. No. 48] is AFFIRMED.

MONROE, LOUISIANA, this _3_ day of _April_, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

inadmissible under *Daubert*.